## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:11-cv-00508-DME-CBS

NOLTE ASSOCIATES, INC., a California Corporation

      Plaintiff,

v.

HOTEL GOLD CROWN CHAMPA, LLC, a Colorado limited liability company,
H & M MORTGAGE & INVESTMENTS, LLC, a Colorado limited liability company,
KEYBANK NATIONAL ASSOCIATION,
FIRSTIER BANK,
AMERICAN NATIONAL BANK,
RIVIERA HOLDING, LLC,
ASSET PRESERVATION, INC., a California corporation, and
STEPHANIE O'MALLEY, in her capacity as the Public Trustee of Denver County,
2011-SIP-1 CRE/CADC Venture, LLC, a Delaware limited liability company,

      Defendants,

and

FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for Defendant,
FirsTier Bank,

      Receiver.

---

OZ ARCHITECTURE OF BOULDER, INC.,

      Plaintiff,

v.

HOTEL GOLD CROWN CHAMPA, LLC, a Colorado limited liability company,
H & M MORTGAGE & INVESTMENTS, LLC, a Colorado limited liability company,
FISERVE ISS & CO.,
FBO MORRIS GINSBERG, IRA,

1

KEYBANK NATIONAL ASSOCIATION,
FIRSTIER BANK,
AMERICAN NATIONAL BANK,
RIVIERA HOLDING, LLC,
ASSET PRESERVATION, INC.,
NOLTE ASSOCIATES, INC.,
MAHINDER BAJAJ,
PAUL OLSEN,
CITY AND COUNTY OF DENVER, COLORADO,
BK-STOUT, LLC,
STEPHANIE O'MALLEY, in her capacity as the Public Trustee of Denver County, and
JOSEPH A. MURR, Att. Reg.,
2011-SIP-1 CRE/CADC Venture, LLC, a Delaware limited liability company,

      Defendants,

and

FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for Defendant,
FirsTier Bank,

      Receiver.

---

## ORDER

---

Plaintiff OZ Architecture of Boulder, Inc. ("OZ") filed an Opposition to Removal and Motion for Remand ("the Motion") (Doc. 45), which was opposed by Receiver-Defendant Federal Deposit Insurance Corporation ("FDIC").  OZ cited two grounds for remand.  First, OZ argued that FDIC's removal of the case was procedurally improper as premature, reasoning that FDIC had not been substituted as a party to the litigation and therefore could not remove under 12 U.S.C. § 1819(b)(2)(A).  Second, OZ argued that,

2

independent of the procedural propriety of removal, this Court lacks subject matter jurisdiction because the case presents only state-law issues, hence the "state actions" exception to federal jurisdiction, 12 U.S.C. § 1819(b)(2)(D), applies.  FDIC maintained that remand was not justified on procedural grounds, and that it had asserted colorable federal-law defenses that keep this case outside the purview of the state actions exception to federal jurisdiction.

With respect to the first asserted ground for remand, the Court determines that removal was procedurally improper due to the fact that FDIC had not previously been substituted as a party to the case, hence it could not remove under 12 U.S.C. § 1819(b)(2)(A).  However, the Court concludes that the Federal Rules of Civil Procedure, precedent, and policy permit the Court to retain jurisdiction under the circumstances and counsel against remand solely on the basis of that procedural defect.

With respect to the second asserted ground for remand, the Court defers ruling on the applicability of the state actions exception to federal subject matter jurisdiction until the Court sees FDIC's asserted federal defenses in a proposed amended answer to OZ's complaint.  Therefore, the Court ORDERS that if FDIC intends to file a motion seeking to amend its answer to OZ's complaint so as to include the federal defenses that purportedly establish federal jurisdiction in this case, that FDIC do so within 45 days of the filing this Order.  If FDIC chooses to file such a motion, FDIC shall include, along with its motion to amend, a copy of its proposed amended answer.  OZ shall file a response brief within 30 days of the filing of FDIC's motion to amend, and FDIC shall

3

file a reply brief within 15 days of the filing of OZ's response.  In the motion to amend

and the respective briefs, the parties are instructed to address, at a minimum, the issue of

whether remand to state court would be warranted on the ground that the federal defenses

FDIC asserts in its proposed amended answer are not colorable, see, e.g., Diaz v.

McAllen State Bank, 975 F.2d 1145, 1149-50 (5th Cir. 1992), such that remand is

appropriate under 12 U.S.C. § 1819(b)(2)(D).

## I.  BACKGROUND

The facts relevant to the present Motion are as follows.  This case commenced

when Plaintiff Nolte Associates, Inc. ("Nolte") filed suit on November 7, 2008 against

several defendants—among them FirsTier Bank ("FirsTier"), but not FDIC—in the

District Court for the City and County of Denver, seeking, inter alia, foreclosure of a

mechanic's lien against a piece of real property in Denver.  On November 6, 2009, OZ

filed its own complaint against several defendants—including FirsTier, but not FDIC—

also seeking, inter alia, foreclosure of its own mechanic's lien against that same real

property.  Nolte filed an amended complaint on January 20, 2010.  FirsTier asserted

affirmative defenses under common law and Colorado state statutes in its respective

answers to these complaints.  On March 10, 2010, the two actions were consolidated in

the state court.

On January 28, 2011, the Colorado Division of Banking declared FirsTier

insolvent and appointed FDIC as receiver, which FDIC accepted.  As a result, FDIC

succeeded to "all rights, titles, powers, and privileges" of FirsTier and could "take over

4

the assets of and operate" the failed bank.  See 12 U.S.C. § 1821(d)(2).  FDIC could also take FirsTier's place in resolving outstanding claims against the bank in receivership. See id. § 1821(d)(3).  As such, on February 11, 2011, FDIC filed a motion in the state court to be substituted for FirsTier as the real party in interest pursuant to Colo. R. Civ. P. 25(c)[1], and requested a ninety-day stay of the consolidated action pursuant to 12 U.S.C. § 1821(d)(12) (mandates such a stay when FDIC, as receiver, requests it).

On March, 1, 2011, before the state court ruled on FDIC's motion for substitution and a stay, FDIC filed a Notice of Removal in this Court pursuant to 12 U.S.C. § 1821(b)(2), removing the case to federal court.  Afterwards, on March 7, FDIC moved this Court, as it had the state court, to substitute FDIC for FirsTier as the real party in interest and to stay proceedings for ninety days.  The next day, Magistrate Judge Shaffer denied that motion without prejudice due to FDIC's failure to use the correct caption and failure to confer, or make reasonable efforts to confer, with opposing counsel to resolve the dispute and to note that in the motion.  On March 10, 2011, after apparently having cured those defects, FDIC filed a renewed motion for substitution and stay, and on March 14, the magistrate judge granted the motion.  Accordingly, FDIC was substituted for

---

[1] "(c) Transfer of Interest. In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subsection (a)(1) of this Rule."

FirsTier in this litigation[2] and all proceedings were stayed for ninety days as mandated by

12 U.S.C. § 1821(d)(12).[3]  That stay expired on June 13, 2011.

On June 27, 2011, OZ filed the Motion currently under the Court's consideration,

opposing FDIC's removal of the case and moving for remand to state court.  OZ cited

two chief grounds for remand.  First, OZ argued that FDIC's Notice of Removal was

procedurally defective because FDIC had not been formally substituted for FirsTier at the

time of removal, hence was not a proper party and could not remove the case.  (Doc. 45

at 6.)  Second, OZ contended that this Court lacks subject matter jurisdiction because the

case involves purely state-law issues, so that the "state actions" exception to 12 U.S.C. §

1819(b)(2) requires remand to state court.  See id. § 1819(b)(2)(D); 28 U.S.C. § 1447(c).

On the latter point, OZ argued that the claim against FirsTier arose solely under state law

and involved only pre-closing rights and events; that FDIC had not pleaded any defenses

against OZ apart from the common-law and state-law defenses asserted by FirsTier in its

---

[2] Similar to Colo. R. Civ. P. 25(c), Fed. R. Civ. P. 25(c) allows for substitution of parties
when an interest is transferred.

[3] The Court acknowledges, here, that on December 9, 2011, Magistrate Judge Shaffer
issued an amended order (Doc. 124) granting the "Rule 25 Motion for Partial
Substitution" made on December 5, 2011 (Doc. 121), thereby partially substituting 2011-
SIP-1 CRE/CADC Venture, LLC ("SIP"), a Delaware limited liability company, for
FDIC in this litigation.  This "partial substitution" was based on the representation by SIP
and FDIC that FDIC "partially assigned" to SIP, on August 4, 2011, its interest in some
property in dispute in this litigation.  (Doc. 121, at 2.)  That development has no bearing
on the analysis in the present Order, since FDIC remains a party in this case as receiver
for FirsTier with respect to some disputed property.  However, the Court expresses no
opinion as to whether the partial substitution will affect the parties' arguments regarding
the colorability of FDIC's asserted federal defenses and the applicability of the state
actions exception to federal jurisdiction in this case.

answer, which FDIC had adopted as the substituted party; and that any federal defenses, were they to be asserted, would be meritless.  (Doc. 45 at 7-11.)

FDIC filed its response to the Motion on July 15, 2011.  With respect to the procedural propriety of removal, FDIC argued that formal substitution was not a prerequisite for removal; and that even if removal had been procedurally defective, OZ had not timely moved for remand under 28 U.S.C. § 1447(c).  (Doc. 58 at 4-6.)  With respect to subject matter jurisdiction, FDIC argued that it had set forth multiple colorable federal defenses in its Notice of Removal, even if those defenses had not yet been pled.  Further, FDIC asserted that it had not yet filed its own answer, as FirsTier had already filed an answer prior to the receivership, but that it intended to seek leave to file an answer that would formally assert federal defenses upon expiration of all stays pending or requested at the time (though this Court does not discern any having been at issue, other than the automatic stay, which had long-since expired).  Finally, FDIC argued that federal law does not require that defenses relied upon by FDIC be set forth in an existing pleading.  (Doc. 58 at 6-7.)

OZ filed its reply on August 2, 2011.  OZ maintained its argument that FDIC's removal was procedurally improper as premature, and contended that its motion for remand was not untimely because the stay of proceedings had tolled the time limit on procedural objections.  (Doc. 113 at 7-11.)  Further, OZ disagreed with the notion that FDIC's reference to possible federal defenses in its Notice of Removal sufficed to raise federal defenses for the purpose of establishing federal jurisdiction.  OZ reemphasized

that FDIC had failed to assert any federal defenses in the existing pleadings, and that

FDIC had never sought leave to amend the answer it had adopted from FirsTier.  As such,

OZ argued, FDIC had waived its right to assert those defenses.  Thus, since no federal

law was otherwise at issue, OZ urged the Court to remand due to lack of subject matter

jurisdiction.  OZ also rejected the notion that FDIC could avoid remand on the vague

ground that it might assert a federal defense at some point in the future.  (Id. at 7-10.)

Furthermore, OZ contended that even if the Court could consider the federal defenses

raised by FDIC in its Notice of Removal, those defenses were not colorable in this case,

hence they could not support federal jurisdiction.  (Id. at 10-16.)

No party has filed anything related to this Motion since August 2, 2011.  Other

motions among the present parties and other parties to this litigation are pending, but they

are not relevant to this Motion.

## II. DISCUSSION

1.  Procedural propriety of removal before formal substitution

When FDIC becomes a receiver of an insured bank, it often also becomes the real

party in interest in state court actions against that bank.  12 U.S.C. § 1819(b)(2)(A)

bestows federal courts with jurisdiction over all civil suits to which FDIC is a party, with

an exception addressed in the next section of this Discussion.  Subject to that exception,

the statute permits FDIC to

> remove any action, suit, or proceeding from a State court to the appropriate United
> States district court before the end of the 90-day period beginning on the date the
> action, suit or proceeding is filed against [FDIC] or [FDIC] is substituted as a
> party.

8

Id. § 1819(b)(2)(B) (emphases added).

OZ argues that removal was improper in this case because a non-party cannot remove a lawsuit, and FDIC filed its Notice of Removal before the state court had ruled on its motion for substitution.  There appears to be no controlling Tenth Circuit precedent on this question, and case law from other circuits is varied.  The Court determines that removal was procedurally improper due to the fact that FDIC had not previously been substituted as a party to the case.  Nonetheless, the Court finds that, under the circumstances of this case, said procedural defect does not warrant remand to state court.

As a starting point, the plain text of the statute—which allows FDIC to remove within 90 days of the date it "is substituted" as a party, see 12 U.S.C. § 1819(b)(2)(B)— seems to suggest that formal substitution is a necessary precursor.  The "is substituted" language was added to § 1819(b)(2)(B), among other changes, [4] in 1991.  One court has argued that this amendment abrogated the prior accepted practice whereby FDIC could remove an action simply by virtue of being receiver or successor in interest, without having been substituted as a party in the state-court action.  See Estate of Harding v. Bell, 817 F. Supp. 1186, 1189 (D. N.J. 1993).  And indeed, it appears that a court that confronted a situation like the one before this Court—in which FDIC sought substitution in state court but filed a notice of removal before the state court ruled on the substitution

---

[4] Prior to the 1991 amendment, § 1819(b)(2)(B) read: "Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court."

motion—found that FDIC's removal "was defective as it was not a party to the state case." See J.E. Dunn Nw., Inc. v. Salpare Bay, LLC, 2009 WL 3571354, *4 (D. Or. 2009) ("I disagree with the implication in Heaton [v. Monogram Credit Card, 297 F.3d 416, 426 (5th Cir. 2002)] that simply by filing a motion in state court, the FDIC becomes a party."); see also Estate of Harding, 817 F. Supp. at 1190-91 ("[I]t is clear that section 1819(b)(2)(B) now [post-1991 amendment] requires substitution in the state proceedings before removal," such that removal was improper where FDIC, as receiver, filed a notice of removal without even seeking substitution in state court).

On the other hand, two Courts of Appeals have held that FDIC may remove a case as long as it does so along with a concurrent request to a federal court for substitution. See Diaz v. McAllen State Bank, 975 F.2d 1145, 1147-48 (5th Cir. 1992) (interpreting "the date [FDIC] is substituted" to include the date that FDIC "intervenes"—which the court seemed to use synonymously with "files for substitution"—thus apparently not requiring that the court have yet granted substitution, for removal); Buczkowski v. FDIC, 415 F.3d 594, 596 (7th Cir. 2005) (holding that "substitution as a party requires a specific filing in court," and suggesting the 90-day window commences upon "notice and motion [by any party in federal court to substitute FDIC]").[5]  Those courts did not expressly

---

[5] One district court has interpreted Diaz, and another district court has interpreted both Buczkowski and Diaz, to stand for the proposition that FDIC must actually have already been substituted, see Estate of Harding, 817 F. Supp. at 1190; Dunn, 2009 WL 3571354, at *3-4, respectively, but the postures and language of Buczkowski and Diaz appear to indicate that simultaneous removal and filing for substitution is proper.

10

opine on whether FDIC could remove a case <u>before</u> filing for substitution in federal court.

The Fifth Circuit has said, albeit technically in dicta, that FDIC attains "party" status for the purposes of removal under § 1819(b)(2)(B) simply "when it file[s] its motion to intervene in state court."  <u>See</u> <u>Heaton</u>, 297 F.3d at 426.  Yet notably, the court in <u>Heaton</u> cited <u>FDIC v. Loyd</u>, 955 F.2d 316 (5th Cir. 1992), for that proposition, <u>Heaton</u>, 297 F.3d at 426, and <u>Loyd</u> had interpreted the pre-amendment version of § 1819, which lacked the "is substituted as a party" language, 955 F.2d at 323-24.  Moreover, while acknowledging <u>Heaton</u>'s express interpretation of the import of <u>Loyd</u>, the question was not properly before the <u>Heaton</u> court, as that case was already in the federal court when FDIC filed for substitution.  297 F.3d at 420.

Finally, some district courts have said that FDIC's mere status as receiver confers it with the power to remove, <u>see</u> <u>Gilmor v. FDIC</u>, 2010 WL 1693034, *2 (W.D. Mo. 2010) ("[N]otice to the court that FDIC has been appointed receiver for a failed bank is sufficient to make the FDIC a party for purposes of seeking removal."); <u>FDIC v. Wissel & Sons Constr. Co., Inc.</u>, 881 F. Supp. 119, 124 (D. N.J. 1995) ("Upon appointment as receiver, the FDIC has the power to remove"—though expressing that in a case where FDIC had in fact been formally substituted before removing), but this position seems contrary to statutory language and the weight of authority after the statute's 1991 amendment, <u>see</u> <u>Buczkowski</u>, 415 F.3d at 596 ("No appellate court has held that the amended version of 12 U.S.C. § 1819(b)(2)(B) starts the clock with the FDIC's

11

appointment as a receiver. . . . Substitution 'as a party' must mean 'as a party to the litigation.' ").[6]

The Court holds that 12 U.S.C. § 1819(b)(2)(B) requires that FDIC be substituted as a party in state court before it may remove a case to federal court in this context.  The Court concludes that the plain language of the statute makes this clear.  See id. (FDIC may "remove any action . . . beginning on the date . . . [FDIC] is substituted as a party").  The Court agrees that the addition of the "is substituted as a party" language in the 1991 amendment to the statute changed the prior accepted practice under which FDIC could remove simply by being receiver, see Estate of Harding, 817 F. Supp. at 1189, and further notes that courts in procedurally similar postures have endorsed the same rule, see id. at 1190-91; J.E. Dunn, 2009 WL 3571354, at *4.  Therefore, since FDIC removed this case without having been substituted as a party by the state court, removal was procedurally defective.

However, notwithstanding FDIC's improper removal, the Court may decline to remand on that defect in light of the defect's purely procedural nature, efficiency considerations, consistency with statutory policy, and the lack of prejudice to OZ.  In Caterpillar, Inc. v. Lewis, the defendant removed the case to a federal court when

_____

[6] This Court's decision in Costin Engineering Consultants, Inc. v. Latham, 905 F. Supp. 861 (D. Colo. 1995), cited by the parties in their briefs, is inapposite to the present discussion, since that decision did not address the context of substitution.  Rather, Costin simply stands for the proposition that, when FDIC is served with an amended complaint, and the original complaint did not include FDIC, the 90-day window for removal commences on the date FDIC is served or enters an appearance, not the day the original defendant was served.  Id. at 863-64.

complete diversity of citizenship did not exist.  519 U.S. 61 (1996).  The plaintiff timely

moved to remand, but the district court denied that motion.  Before trial, however, all

claims involving the nondiverse defendant were settled, such that diversity thereafter did

exist.  The case proceeded to trial, and the removing defendant won the judgment.  The

Supreme Court held that "a district court's error in failing to remand a case improperly

removed is not fatal to the ensuing adjudication if federal jurisdictional requirements are

met at the time judgment is entered," notwithstanding the plaintiff's timely, and then-

appropriate, objection.  Id. at 64.  The Supreme Court acknowledged that "adherence to

the rules Congress prescribed for removal would have kept the case in state court" and

that "[o]nly by removing prematurely was [the defendant] able to get to federal court,"

yet it held that in that case, "considerations of finality, efficiency, and economy [became]

overwhelming" and "overriding."  Id. at 75.  "To wipe out the adjudication postjudgment,

and return to state court a case now satisfying all federal jurisdictional requirements,

would impose an exorbitant cost on our dual court system, a cost incompatible with the

fair and unprotracted administration of justice."  Id. at 77.  The Supreme Court went on to

downplay the likelihood of improper removal in future cases.  Id. at 77-78.

Caterpillar is distinguishable from the present case in that the Supreme Court was

ruling on whether improper removal constituted reversible error, not whether improper

removal necessitated remand to state court.  Nonetheless, the principles relied upon in

Caterpillar inform this Court's decision to retain this case.  Meanwhile, and more

comparable with respect to procedural posture, the Tenth Circuit has held that the "mere

procedural defect" of failing to attach required state court papers to a notice of removal is curable by the federal court without remand.  See Countryman v. Farmers Ins. Exchange, 639 F.3d 1270, 1273 (10th Cir. 2011) ("The omission of a summons . . .  was an inadvertent, minor procedural defect that was curable . . . after expiration of the . . . removal period. . . . Plaintiff was not prejudiced by the omission.  Nor was the district court's ability to proceed with the case materially impaired.").

In the present case, Caterpillar's considerations "finality, efficiency, and economy,"  519 U.S. at 75, on the whole weigh even more strongly against requiring remand.  While the fact that judgment has yet to be entered makes the concern about finality less compelling, the several parties to this case have expended substantial resources already, such that the case is hardly nascent.  Next, significantly, unlike the defendant in Caterpillar, FDIC's identity permitted it to remove the case from the outset, but for the fact that the state court had not yet granted (as it would have been compelled to do eventually) FDIC's motion to substitute.  That is, in Caterpillar removal was improper due to an erroneous ruling regarding the identity of a then-present party, such that the substantive policy of the statute—to keep non-diverse, state-law cases in state court—was actually contravened by the improper removal.  In contrast, in this case the policy of the statute—to create a presumption of federal jurisdiction in cases involving FDIC—was offended only in a technical sense.  No one doubts that FDIC became the real party in interest after its appointment as receiver, or that FDIC accordingly had the right to remove the case (subject to the state actions exception discussed in the next

14

section).  See id. § 1821(d)(2)(A) (FDIC as automatic successor in interest upon

becoming an institution's receiver); Colo. R. Civ. P. 25(c) (allowing for substitution upon

transfers of interest); Fed. R. Civ. P. 25(c) (same).  In other words, while both defects

implicate timing, the eventual removal-permitting result in Caterpillar (i.e., the dismissal

of the non-diverse party) was at the substantive core of the removal statute and was never

certain, whereas in this case, the alleged requirement that FDIC officially be substituted

is more of a procedural formality and was inevitable from the outset.

        In a similar vein, remand would be extremely inefficient in this case, given the

inevitability of the ultimate outcome: a return to this Court, in the same position, after the

observance of procedural formalities.  That is, OZ does not and cannot dispute that FDIC,

as receiver, is the real party in interest for FirsTier and therefore warrants substitution in

this case.  Thus, if this Court were to remand the case to state court, the state court would

inevitably grant FDIC's motion for substitution, and FDIC would be able to remove the

case back to this Court.  OZ could not oppose such (re)removal on the grounds that it

occurred more than 90 days after this Court's March 14 substitution of FDIC, since OZ

argues that the case was not properly removed to this Court on March 1, and therefore

cannot simultaneously maintain that this Court had the power to grant substitution two

weeks later.[7]

---

[7] If this Court did effectively substitute FDIC on March 14, then the Court finds that
FDIC's subsequent response to the Motion, in which it unambiguously asserted that
removal had been proper, amounted to a timely reassertion of removal.  FDIC's July 25
response to the Motion fell within 90 days of its March 1 Notice of Removal, given that
the stay granted on March 14 tolled the 90-day clock.  OZ cannot dispute that tolling

15

Finally, OZ was not prejudiced by any procedural error in the priority of substitution and removal.  OZ was not caught off guard by the Notice of Removal, as it was (or at least should have been) already aware that FDIC had become FirsTier's receiver and had filed for formal substitution in the state-court action.  Moreover, the Court identifies no bad-faith intent by FDIC in removing before having been formally substituted in state court and before having requested substitution in this Court (e.g., this is not the case of FDIC trying to remove after the statute's 90-day time limit had expired, see Wissel & Sons, 881 F. Supp. at 125-26).  Again, in the presently addressed argument, OZ quarrels only with the timing of FDIC's removal, not whether it had the right, as receiver, to be substituted as a party to the case and then subsequently to remove.

The Court does not suggest that it will overlook parties' procedural failures, and it does not intend to downplay the procedural defect the Court recognizes in this case.  However, the defect was not jurisdictional and is "de minimis" under these facts, such that the Court may cure the defect without remanding the case.  See Countryman, 639

---

should apply, for if the stay did not toll statutory time limits, then OZ's objection to procedural impropriety of FDIC's removal would itself have been untimely.  Motions to remand for reasons other than lack of subject matter jurisdiction (including procedural defects such as the presently alleged improper ordering of substitution and removal) must be made within 30 days of the filing of the notice of removal, see 28 U.S.C. § 1447, and OZ's Motion was made on June 27.  While § 1447, which governs post-removal procedure, by its own terms applies to removal under the general federal removal provision of 28 U.S.C. § 1446(a), it has been interpreted also to apply to motions to remand cases removed under 12 U.S.C. § 1819(b)(2)(B), which lacks an analogous post-removal procedure provision of its own.  See Diaz, 975 F.2d at 1148; Estate of Harding, 817 F. Supp. at 1192-93.  And indeed, OZ relies on such tolling for the timeliness of its own Motion.  (Doc. 113 at 6-7.)

F.3d at 1272-73.  Remand would entail considerable waste, given the amount of activity

that has occurred to date.  Meanwhile, retaining federal jurisdiction would not offend

statutory policy nor unfairly prejudice OZ.  Remanding the case solely on the basis of the

untimely removal would be would be inefficient and unnecessarily formalistic, for it is

plain that FDIC is entitled to substitution due to its status as receiver and could therefore

simply re-remove after the state court granted substitution.  Accordingly, the Court

declines to remand at this time on the basis of premature removal.  Cf. Caterpillar, 519

U.S. at 64.

> 2.  The "state actions" exception to federal subject matter jurisdiction

Civil cases to which FDIC is party are presumptively removable to federal court

by FDIC, with one significant exception.  See 12 U.S.C. § 1819(b)(2)(A)-(B).  Section

1819(b)(2)(D) precludes removal of cases (i) to which FDIC, as state-appointed receiver

of an insured depository institution, is a party other than as a plaintiff; (ii) which involves

only preclosing rights against that institution, or obligations of the institution; and (iii) in

which only the interpretation of state law is necessary.  If the criteria of this exception

apply, and the case was not otherwise removable (e.g., under general federal-question or

diversity jurisdiction), then the Court must remand the case.[8]

---

[8] As previously noted, 28 U.S.C. § 1447 has been interpreted to apply to motions to
remand cases removed under 12 U.S.C. § 1819(b)(2)(B).  See Diaz, 975 F.2d at 1148;
Estate of Harding, 817 F. Supp. at 1192-93.  Section 1447(c) instructs that "[i]f at any
time before final judgment it appears that the district court lacks subject matter
jurisdiction, the case shall be remanded."  Thus, whereas motions to remand based on
procedural defects with removal must be made within 30 days of removal, objections to

17

In its Motion, OZ asserts, apart from the already-addressed argument regarding procedural impropriety of removal, that the Court lacks subject matter jurisdiction over this case on the grounds that exception of § 1819(b)(2)(D) applies. It is undisputed that FDIC is a non-plaintiff receiver in this case, and that only preclosing rights or obligations of FirsTier are at issue. The parties disagree only on the applicability of prong (iii): whether the case will require the interpretation only of state law. FDIC maintains that potential federal defenses[9] it asserted in its Notice of Removal suffice to implicate federal law for the purposes of avoiding removal. Indeed, the Court looks to FDIC's defenses in deciding whether the state actions exception of § 1819(b)(2)(D) applies; federal law need not appear on the face of OZ's "well pleaded complaint" per the general rule of federal-question removability. See Diaz, 975 F.2d at 1149-50; Capizzi v. FDIC, 937 F.2d 8, 10-11 (1st Cir. 1991); Lazuka v. FDIC, 931 F.2d 1530, 1533-34, 1538 (11th Cir. 1991)

---

the Court's lack of subject matter jurisdiction (such as the one addressed in this section) may be raised at any time. 28 U.S.C. § 1447(c).

[9] Specifically, FDIC noted:

> The exception in subparagraph (D) does not apply in this case because the FDIC anticipates that it may assert as defenses in this action[:] 12 U.S.C. § 1821(d)(12)(a)(ii) (requiring a 90 stay of proceedings upon the request of the Receiver); 12 U.S.C. §1825(b)(2) (prohibiting the extinguishment of its property interest through sale, foreclosure, or levy without the consent of the Receiver); §1821(d)(13)(C) (prohibiting attachment or execution); §1821(d)(9)(A) and § 1823(e) (prohibiting enforcement of certain agreements).

(Doc. 1 at 3-4.) The Court notes that 12 U.S.C. § 1821(d)(12)(a)(ii) is not a "defense" per se, and that in any case, such a stay is no longer at issue, having already been granted and expired.

(superceded by statute on other grounds); <u>Reding v. FDIC</u>, 942 F.2d 1254, 1257-58 (8th Cir. 1991).

OZ contends that the state actions exception applies because FDIC has not sought to amend FirsTier's answer to OZ's complaint to include any federal affirmative defenses, and that consequently it has waived its right to invoke those defenses. OZ further argues that even if they were to be considered, such defenses are not "colorable" and therefore do not suffice to defeat remand based on the state actions exception. The Court finds that FDIC has not waived the federal affirmative defenses it seeks to assert, but refrains from ruling on the colorability of those defenses until FDIC has submitted an amended answer to OZ's complaint that includes them.

As noted, when FDIC is substituted as a defendant-receiver but has not yet filed its own answer or amended the existing answer of the previous defendant, the Court may look to FDIC's notice of removal petition for assertions of the federal defenses that merit removal under 12 U.S.C. § 1819(b)(2).  <u>See, e.g.</u>, <u>Diaz</u>, 975 F.2d at 1149-50; <u>Capizzi</u>, 937 F.2d at 10-11.  That is, even though a substituted party "steps into the same position of the original party," <u>Ransom v. Brennan</u>, 437 F.2d 513, 516 (5th Cir. 1971), the Court may look to federal defenses that FDIC has yet to incorporate formally into its pleadings.[10]  Thus, the Court is not limited to considering defenses raised in FirsTier's

_____

[10] The Court notes, though, that it only considers defenses that are more than hypothetical, i.e., that are actually before it.  That is, insofar as FDIC might be suggesting that it can avoid remand simply by asserting that it may raise some unspecified federal defense at some point in the future (<u>see</u> Doc. 58 at 3), neither the language nor the facts of any case cited by FDIC support this.  Indeed, if mere reference to hypothetical future

19

answer, which could not have contained the federal defenses that only FDIC can invoke.[11]

Nevertheless, the Court expresses frustration with FDIC's delay in seeking to amend the pleadings.  FDIC clearly has been aware of the potential applicability of those defenses since its March 1 Notice of Removal.  Indeed, FDIC has said that it intends to seek leave to file an amended answer formally asserting its federal defenses "[u]pon expiration of all pending, and requested, stays" (see Doc. 58 at 7 n.17)—but the Court discerns no such stays (the 90-day stay, commencing March 14, expired a month before FDIC filed its response to the Motion).

The Court rejects the notion that FDIC may indefinitely preserve affirmative defenses simply by indicating that it will plead them at some point in the future.  See generally Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . . .") (emphasis added); id. 12(b) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if

_____

invocation sufficed to defeat remand, it would seem that FDIC could always overcome remand, rendering hollow the state actions exception.  Thus, the Court will look only to specific potential defenses that have been identified.

[11] As noted by OZ, when FDIC becomes a receiver, by operation of law it "succeed[s] to . . . all rights, powers, and privileges of the insured depository institution." 12 U.S.C. § 1821(d)(2)(A).  That statutory section "appears to indicate that the FDIC as receiver 'steps into the shoes' of the [depository institution], obtaining the rights 'of the depository institution' that existed prior to receivership."  FDIC v. St. Paul Cos., 634 F. Supp. 2d 1213, 1219 (D. Colo. 2008) (citing O'Melveny & Myers v. FDIC, 512 U.S. 79, 86 (1994)).  However, that language referred to the business powers and legal obligations that FDIC inherits when it becomes a receiver, not to specific procedural requirements when it is substituted as a party in a judicial action.

one is required.") (emphasis added).  Rather, FDIC already should have sought to amend

FirsTier's answer, since FDIC effectively adopted that answer as FirsTier's successor in

this litigation.  See Ransom, 437 F.2d at 516 (regarding substitution of executrix in place

of deceased original defendant); cf. Raley v. Hyundai Motor Co., Ltd., 642 F.3d 1271,

1276 (10th Cir. 2011) (where plaintiff had sought to transfer all her interest to a bank

during a lawsuit, and the court substituted the bank for the plaintiff, the bank took the

"place and stead" of the former plaintiff); Fed. R. Civ. P. 17(a)(3) (after substitution of a

plaintiff as the real party in interest, "the action proceeds as if it had been originally

commenced by [that] real party in interest").

      That being said, the Court may permit amendment of existing pleadings.  The

Court is unaware of any rule or case that sets out a rigid timeframe in which FDIC, as a

substituted party, must assert defenses, unavailable to the prior defendant, in updated

pleadings in situations like this.[12]  Rather, the Court has discretion to allow amendment

under these circumstances.  See Fed. R. Civ. P. 15(a)(2) (permitting a party to amend its

pleadings "with the court's leave" before trial has begun, and instructing that "[t]he court

should freely give leave [to amend] when justice so requires"); see also Maysonet-Robles

v. Cabrero, 323 F.3d 43, 50 (1st Cir. 2003) ("Rule 25(c) substitution implements a

discretionary determination by the trial court to facilitate the conduct of the litigation . . .

---

[12] Fed. R. Civ. P. 12(h)(1) provides for waiver in cases of omission of a defense from a
motion or responsive pleading under Fed. R. Civ. P. 12, or from an amendment allowed
as a matter of course under Fed. R. Civ. P. 15, but it applies only to the affirmative
defenses of lack of personal jurisdiction, improper venue, insufficient process, and
insufficient service of process.

.").  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment," although "untimeliness alone is a sufficient reason to deny leave to amend . . . especially when the party filing the motion has no adequate explanation for the delay."  Frank v. U.S. West, Inc., 3 F.3d 1357, 1365-66 (10th Cir. 1993) (citations omitted).

The Court notes that FDIC's delay in seeking leave to amend is unwarranted. Indeed, FDIC has not even sought leave to amend despite the forceful argument in OZ's August 2 reply brief that failure to do so might result in waiver.  Still, the Court finds that OZ has not been prejudiced by FDIC's delay, as OZ has been aware of FDIC's potential invocation of the defenses since the purported March 1 removal; that there is no indication of bad faith on the part of FDIC in neglecting to file an amended answer; and that amendment would not necessarily be futile.  See Frank, 3 F.3d at 1365.  With respect to potential futility, the Court recognizes that FDIC's asserted federal defenses will only preserve federal subject matter jurisdiction if they are "colorable."  See, e.g., Diaz, 975 F.2d at 1149-50; Reding, 942 F.2d at 1258; Pyle v. Meritor Savings Bank, 821 F. Supp. 1072, 1076 (E.D. Pa. 1993).  However, while acknowledging that the parties have briefed that issue in the present Motion, the Court is disinclined to rule upon the colorability of those two defenses until they appear in a proposed amended answer.

22

### III.    CONCLUSION

For the foregoing reasons, the Court denies the Motion with respect to the removal's procedural defect but defers judgment on whether to remand based on a lack of subject matter jurisdiction pursuant to 12 U.S.C. § 1819(b)(2)(D).  The Court ORDERS FDIC, if it intends to seek leave to amend its answer to OZ's complaint, to do so within 45 days of the filing of this Order.  FDIC shall include, along with such a motion, a proposed amended answer that sets forth the federal defenses FDIC seeks to invoke.  OZ shall have 30 days from FDIC's filing to respond to the motion to amend, and FDIC shall have 15 days from OZ's filing to reply.  In the motion to amend and the related briefs, the parties shall discuss the applicability of the state actions exception to removal in light of the federal defenses asserted by FDIC in its proposed amended answer.  If FDIC fails timely to move to amend, the Court will remand this case to the District Court for the City and County of Denver.

Dated this   6th   day of January, 2012.

BY THE COURT:

*s/ David M. Ebel*

_____
UNITED STATES DISTRICT COURT