**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:11-cv-00508-DME-CBS

NOLTE ASSOCIATES, INC., a California Corporation

    Plaintiff,

v.

HOTEL GOLD CROWN CHAMPA, LLC, a Colorado limited liability company,
H & M MORTGAGE & INVESTMENTS, LLC, a Colorado limited liability company,
KEYBANK NATIONAL ASSOCIATION,
FIRSTIER BANK,
AMERICAN NATIONAL BANK,
RIVIERA HOLDING, LLC,
ASSET PRESERVATION, INC., a California corporation, and
STEPHANIE O'MALLEY, in her capacity as the Public Trustee of Denver County,
2011-SIP-1 CRE/CADC Venture, LLC, a Delaware limited liability company,

    Defendants,

and

FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for Defendant, FirsTier Bank,

    Receiver.

---

OZ ARCHITECTURE OF BOULDER, INC.,

    Plaintiff,

v.

HOTEL GOLD CROWN CHAMPA, LLC, a Colorado limited liability company,
H & M MORTGAGE & INVESTMENTS, LLC, a Colorado limited liability company,
FISERVE ISS & CO.,
FBO MORRIS GINSBERG, IRA,

1

KEYBANK NATIONAL ASSOCIATION,
FIRSTIER BANK,
AMERICAN NATIONAL BANK,
RIVIERA HOLDING, LLC,
ASSET PRESERVATION, INC.,
NOLTE ASSOCIATES, INC.,
MAHINDER BAJAJ,
PAUL OLSEN,
CITY AND COUNTY OF DENVER, COLORADO,
BK-STOUT, LLC,
STEPHANIE O'MALLEY, in her capacity as the Public Trustee of Denver County, and
JOSEPH A. MURR, Att. Reg.,
2011-SIP-1 CRE/CADC Venture, LLC, a Delaware limited liability company,

    Defendants,

and

FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for Defendant,
FirsTier Bank,

    Receiver.

## ORDER

Pending before the Court are the Opposition to Removal and Motion for Remand filed by plaintiff OZ Architecture of Boulder, Inc. ("OZ") (Doc. 45) as well as the Motion for Leave to File Amended Answer filed by would-be defendant 2011-SIP-1 CRE/CADC Venture, LLC ("SIP-1") (Doc. 140), who has sought substitution in place of receiver-defendant Federal Deposit Insurance Corporation ("FDIC") (Doc. 139). For the reasons

discussed below, the Court GRANTS OZ's motion to remand and leaves other pending motions in this litigation to be addressed in state court.

On January 6, 2012, this Court issued an order (Doc. 134) in response to OZ's June 27, 2011, motion for remand, which FDIC opposed. The Court ruled that FDIC's removal of this case was procedurally improper because FDIC had not been previously substituted as a party to the litigation and therefore could not remove the case pursuant to 12 U.S.C. § 1819(b)(2)(A). However, the Court determined that the Federal Rules of Civil Procedure, precedent, and policy permitted the Court to retain jurisdiction under the circumstances and counseled against remand solely on account of that procedural defect.

In the same order, the Court deferred ruling on the separate issue of whether the Court lacks federal subject matter jurisdiction over this case on the ground that the case presents purely state-law issues, such that it falls within the "state actions" exception to the statutory basis upon which FDIC sought to invoke federal jurisdiction, 12 U.S.C. § 1819(b)(2)(D), applies. The Court observed that FDIC had failed to seek leave to amend its answer to OZ's complaint—an answer FDIC effectively adopted from the party for whom it was substituted in this litigation—hence in the pleadings there was no federal defense that might keep this case outside the "state actions" exception. The Court therefore gave FDIC 45 days to file a motion seeking to amend its answer so as to include a federal defense that might establish federal jurisdiction, such that the Court properly could evaluate the colorability of FDIC's purportedly applicable federal defenses. The

Court indicated that it would remand this case to state court if FDIC failed timely to submit a proposed amended answer containing a colorable federal defense.

At present, there are no federal defenses in the pleadings that might keep this case out of the "state actions" exception to the basis upon which removal was sought. See 12 U.S.C. § 1819(b)(2). Would-be party SIP-1 has submitted a proposed amended answer of its own, but that answer naturally lacks the federal defenses that FDIC might have asserted, and upon which the propriety of removal hinges. (See Doc. 140-1.)

SIP-1's argument that this Court can and should retain jurisdiction—even though FDIC apparently is no longer practically involved in the underlying property dispute and is in fact seeking substitution out of this legal action (see Doc. 139)—is falsely premised on the notion that federal jurisdiction in this case was ever established in the first place. In cases cited by SIP-1 (see Doc. 140 at 6) that held that a federal court may retain subject matter jurisdiction under 12 U.S.C. § 1819(b)(2) even after FDIC is dismissed as a party, subject matter jurisdiction at the time of removal was undisputed or had been already confirmed before FDIC left the litigation. See, e.g., Adair v. Lease Partners, Inc., 587 F.3d 238, 240 (5th Cir. 2009) ("None of the parties disputes that the district court had jurisdiction over the case at the time of remand."). In contrast, in this case, removal was timely challenged by OZ, and the Court deferred ruling on whether jurisdiction was proper at the time of removal. As such, the justifications for retaining jurisdiction recognized in those distinguishable cases, see, e.g., id. at 241-45, are inapposite to the present situation. And as noted in the prior order, this Court will not engage in

4

hypothetical analysis of whether the federal defenses alluded to in the briefs (see Doc. 140 at 7-11) would have been colorable under these circumstances if FDIC actually had submitted a proposed amended answer as instructed.

In federal courts, which are of limited jurisdiction, the party asserting federal subject matter jurisdiction bears the burden of establishing it. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). In this case, now that the time has come for the Court to reach the question of whether removal was proper under 12 U.S.C. § 1819(b)(2), there is no basis in the pleadings upon which the Court can satisfy itself, as it must, that subject matter jurisdiction has ever existed. Accordingly, the Court hereby REMANDS this case to the District Court for the City and County of Denver.

Dated this   15th   day of March, 2012.

BY THE COURT:

s/ David M. Ebel

_____
UNITED STATES DISTRICT COURT